J-S33013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRIK FLOYD | : | |
| | : | |
| Appellant | : | No. 2778 EDA 2017 |

Appeal from the PCRA Order August 1, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0302111-2003

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.:                           **FILED AUGUST 13, 2018**

Tyrik Floyd appeals, *pro se*, from the order entered on August 1, 2017, in the Court of Common Pleas of Philadelphia County, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1,2] Floyd seeks relief from the judgment of sentence of five to ten years' imprisonment, imposed on May 31, 2006, upon revocation of probation.[3]  In

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 42 Pa.C.S. § 9541 *et seq.*

[2] The PCRA court granted appointed counsel's motion to withdraw from representation.  **See** Order, 8/1/2017.

[3] The five to ten years sentence was imposed "consecutive to any sentence currently serving."  Sentencing Order, 5/31/2006.  There is no indication in the record or suggestion by the parties that Floyd has finished serving his revocation sentence.  **See** 42 Pa.C.S. § 9543(a)(1)(i) (petitioner must be

his sole issue on appeal, Floyd avers he was sentenced pursuant to an unconstitutional mandatory minimum statute.[4] Based upon the following, we affirm.

The PCRA court summarized the relevant facts as follows:

On May 8, 2003, [Floyd] pleaded guilty to the Honorable Rose Marie DeFino-Nastasi to Possession with the Intent to Deliver a Controlled Substance, 35 P.S. § 780-113(a)(30). The same day, he agreed to a negotiated sentence of three (3) years reporting probation. No appeal was taken.

On May 31, 2006, [Floyd] was sentenced for a direct violation of his probation to five (5) to ten (10) years [of] incarceration. The basis for the direct violation was a conviction for Third Degree Murder[,] which occurred while [Floyd] was on probation. No appeal was taken from this sentence. Therefore, judgment of sentence became final on June 30, 2006.[5] Pursuant to 42 Pa.C.S.A. § 9545(b)(1)[,] [Floyd] had until [Monday, July 2, 2007] to file a timely PCRA.

On May 13, 2015, [Floyd] filed the instant, untimely PCRA petition.

On March 27, 2017, PCRA counsel filed a [**Turner/Finley**[6]] letter of no merit and a Motion to Withdraw as Counsel.

_____

"currently serving a sentence of imprisonment, probation, or parole for the crime" to be eligible for PCRA relief).

[4] Floyd does not specify the mandatory minimum statute allegedly applied in this case. The PCRA court states Floyd was not sentenced pursuant to a mandatory minimum statute. **See** PCRA Court Opinion, 10/31/2017, at 2.

[5] Since Floyd had a 30-day period to file a direct appeal pursuant to Pa.R.A.P. 903(a), the judgment became final a month after the date of his sentencing. **See** 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final … at the expiration of the time for seeking the review").

[6] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On June 15, 2017, the PCRA Court accepted counsel's [*Turner/Finley*] letter of no merit and denied the PCRA petition. Thereafter, the Court sent a [Rule 907] notice informing [Floyd] of its intent to dismiss the PCRA [petition] if [Floyd] failed to respond. [The Rule 907 notice explained the petition was untimely.] [Floyd] did not respond to the 907 notice.

PCRA Court Opinion, 10/31/2017, at 1-2.

On August 1, 2017, the PCRA court dismissed Floyd's petition. Floyd filed this timely appeal and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement.

Our standard of review for the denial of a PCRA petition is well-settled:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

Floyd argues he was sentenced pursuant to a mandatory minimum sentencing statute, rendered unconstitutional by *Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

At the outset, we conclude Floyd's PCRA petition is time-barred. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality

of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Relevant to this appeal, Section 9545 of the PCRA states:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . .

(iii)  The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).  Here, Floyd's petition was filed on May 13, 2015, almost nine years after his sentence became final on June 30, 2006, far exceeding the PCRA's one-year time bar.  Floyd, therefore, attempts to rely on an exception to the time requirement, claiming his sentence was illegal pursuant to the "new constitutional right" introduced in *Alleyne*, *supra*, which he avers should apply retroactively.  42 Pa.C.S. § 9545(b)(1)(iii).

Floyd's claim fails, however, since petitions invoking an exception must be filed "within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).  As correctly noted by the PCRA Court, *Alleyne* was decided on June 17, 2013, and Floyd's PCRA petition was filed two years later, well beyond the 60-day deadline.  Additionally, in *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016), our Supreme Court has held that *Alleyne* does not apply retroactively on collateral review.  In

*Commonwealth v. Dimatteo*, 177 A.3d 182 (Pa. 2018), our Supreme Court reaffirmed its holding in *Washington*. Therefore, Floyd cannot satisfy § 9545(b)(1)(iii).

Finally, Floyd's citation to *Welch v. United States*, 136 S.Ct. 1257 (2016) and *Commonwealth v. Barnes*, 157 A.3d 121 (Pa. 2016), does not compel a different result. *Welch* dealt with whether *Johnson v. United States*, 135 S.Ct. 2551 (2015), applied retroactively to cases on collateral review. *Welch*, *supra*, 136 S.Ct. at 1268. The *Johnson* Court held the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. *Id.* at 1261. *Welch*'s holding that *Johnson* applies retroactively on collateral review has no bearing on this case, as neither *Welch* nor *Johnson* addressed *Alleyne*. Furthermore, in *Barnes*, in contrast to the procedural posture here, the *Alleyne* claim was raised on direct appeal. *Barnes*, *supra*, 157 A.3d at 122. *Barnes* held that an *Alleyne* challenge implicates the legality of sentence for issue preservation purposes, and, therefore, is nonwaivable. *Id.* at 126-127. *Barnes* did not hold *Alleyne* to apply retroactively in the PCRA context.

Accordingly, in light of the above, we conclude Floyd's PCRA petition is untimely and Floyd cannot satisfy an exception to the PCRA's timeliness requirement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/18